AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| Rayquan Rainey | ) | **8:20 MJ 1003 TGW** |
| | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____December 25, 2019_____ in the county of _____Pinellas_____ in the

_____Middle_____ District of _____Florida_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Felon in possession of ammunition. |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
_Complainant's signature_

Jason Wetherington, ATF Special Agent
_____
_Printed name and title_

Sworn to before me and signed in my presence.

Date: ___1/3/20___

_____
_Judge's signature_

City and state: _____Tampa, Florida_____

Thomas G. Wilson, U.S. Magistrate Judge
_____
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Jason Wetherington, being duly sworn, depose and state:

1.    I am a Special Agent with the U.S. Department of Justice's Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been employed by ATF since January 2016. I have completed the Federal Law Enforcement Training Centers training course for Investigators and ATF's Special Agent Basic Training. During this training, I learned federal firearm statutes as well as other violations of the United States Code, including violent crimes and narcotic offenses.

2.    I submit this affidavit in support of a criminal complaint charging Rayquan L. Rainey with committing the offense of being a felon in possession of a firearm and/or ammunition, in violation of 18 U.S.C. § 922(g).

3.    This affidavit is based on my personal knowledge, information from my fellow law enforcement officers (particularly from the St. Petersburg Police Department (SPPD)), and other reliable sources. This affidavit is only for a limited purpose, that is, to demonstrate that probable cause exists that Rainey committed the crime alleged. I have not included every fact known, but just those necessary to demonstrate that probable cause exists.

## PROBABLE CAUSE

4.    All of the events described below occurred in St. Petersburg, Florida, in the Middle District of Florida.

### Events at the Cabana Sands Club

5.      On or about December 25, 2019, at approximately 11:30PM, Security Guard Kenneth L. Showalter[1] encountered a person known to him as "Ray Ray," attempting to enter the Cabana Sands Club, located at 4300 6th St South in St. Petersburg, Florida 33712.

6.      Showalter says, and surveillance video corroborates, that Showalter patted down "Ray Ray," and discovered a loaded semi-automatic pistol concealed in the waistband of his pants. Showalter took the weapon from "Ray Ray" (who physically attempted to get it back) and unloaded nine live rounds of .40 caliber ammunition from the pistol and magazine, which he placed in his own pants pocket. Showalter then handed the firearm to another security guard, and "Ray Ray" walked away from the club door. Shortly thereafter, the club security guards met "Ray Ray," in the parking lot outside the club and returned to him the unloaded firearm.

7.      On this same day at approximately 11:47PM, "Ray Ray" came back to the front door of Cabana Sands Club. Showalter again searched "Ray Ray" for weapons, found none, and allowed "Ray Ray" inside the club. "Ray Ray" entered the club with several other males. Shortly after "Ray Ray" entered, at approximately

---

[1] During the course of this investigation, investigators have corroborated information provided by Kenneth L. Showalter through an audio and video recording. Kenneth L. Showalter has a criminal history that includes three misdemeanor convictions that include Obstruction without Violence, Brawling Fighting Corrupt Public Moral Decency, and Operating a Vehicle without Valid License.

11:58PM, a large physical fight broke out inside the club. Showalter and the club owner identified "Ray Ray" as a physical participant in the fight. Showalter deployed pepper spray to break-up the fight and disperse the crowd.

8. The fight continued, moving outside the club into the parking lot. Surveillance video indicated that "Ray Ray"continued to participate in the fighting outside the club doors. At approximately 12:04AM (December 26, 2019), attempting to break-up the fight, Showalter was in the club parking lot fighting with an unknown male when he heard gunshots, and was shot in his chest, in the center of his bulletproof vest. Showalter does not know who shot him.

9. Showalter saw passengers inside three different vehicles shooting. He described the vehicles as a mid-2000 black SUV, a 2-door silver Infinity, and a maroon Dodge Challenger. He observed a group of individuals from "Ray Ray"'s party huddled behind the maroon Dodge Challenger. Then Showalter observed multiple individuals, both male and female, running across the parking lot firing both handguns and rifles.

10. Following this incident on December 26, 2019, Showalter flagged down SPPD Officer Dominuque King and told Officer King what happened. Showalter requested an evidence glove from Ofc. King. Ofc. King provided a fresh evidence glove, which Showalter used to retrieve live ammunition from his left pants pocket. Showalter stated the live ammunition came from inside the semi-automatic pistol retrieved from "Ray Ray"'s waistband when he attempted to go inside the Cabana Sands Club with a loaded semi-automatic pistol earlier that evening.

3

11.    Showalter pulled the evidence glove off his hand and turned it inside out with the live ammunition contained inside the evidence glove, then handed the evidence glove to Ofc. King. Ofc. King called an SPPD Forensic Technician to process and take possession of the live ammunition.

12.    Ralph Williams, Co-Owner of Cabana Sands Club, provided a statement to law enforcement on December 26, 2019, shortly after the incident. Williams stated that security guards should not have allowed the person (whom he also knew as "Ray Ray") inside the Cabana Sands Club. Williams previously had problems with "Ray Ray," and banished "Ray Ray" from the club. On December 25, 2019, earlier that evening he recognized "Ray Ray"inside the club, and saw "Ray Ray" get into a physical altercation with other subjects inside the club.

### Identifying Ray Ray as Rayquan Rainey

13.    Law enforcement officers were immediately familiar with the name "Ray Ray" as an alias for Rayquan Rainey, because he had been a suspect in multiple prior shootings. His appearance was consistent with that of the suspect on the surveillance video.

14.    Showalter described "Ray Ray" as a black male, approximately mid-20s in age, approximately 5'6" tall, and approximately 140 lbs., with a beard but no mustache, and short hair.  Showalter said "Ray Ray" was wearing a red t-shirt and blue sweat pants.

15.    Rainey is African American male. He is 22 years old, is 5'8," and weighs approximately 150 pounds. On December 31, 2019, Det. Anamuah-Mensah

4

looked on Rainey's the Facebook page (which is under the name "RayyRayy," and has a URL that includes the name Rayquan Rainey), and found a photo of Rainey from December 25, 2019, in which Rainey was wearing bright orange/red shirt with a diagonal white band with the word "COOKIES" in blue written across the white band. Rainey was also wearing jogging pants with a white drawstring, and light colored sneakers with red and gray markings in the photo. This was the same outfit depicted in the Cabana Sands Club video. The picture also depicts Rainey with facial hair, specifically a thin beard consistent with Showalter's description.

16.    On December 31, 2019, Rainey was arrested on state narcotics and firearms charges, and booked into the Pinellas County Jail. Rainey bonded out of jail on January 1, 2020.

17.    On January 1, 2020, I reviewed jail calls made by Rainey from the Pinellas County Jail. On December 31, 2019, at approximately 4:23PM, Rainey placed a phone call from inside the jail to two unknown males at (727) 244-3174. During this phone call, at the approximate 13:45 minute mark, one of the unknown males tells Rainey, "Hey, you know what I think it was? Rainey replies, "What?" The same unknown male tells Rainey, "That door, at the door, remember? That nigga." Rainey replies, "Yeah." The same unknown male replies to Rainey, "That's what it is, he probably turned that in." Rainey replies, "No, no, no cause bro got that. Bro got it." The same unknown male tells Rainey, "No, I'm talking about he probably turned that in, from the door." Rainey replies, "Oh yeah, he probably did that."

18.     Based on my investigation, training and experience, I believe this conversation is suggesting that the security guard working the front door at Cabana Sands Club may have provided information to law enforcement about his loaded weapon.

19.     ATF nexus expert and Special Agent John Cosentino has determined that the Winchester .40 caliber Smith & Wesson live ammunition retrieved from Rainey's semi-automatic pistol, and recovered by SPPD, was manufactured in Illinois or Mississippi.

20.     I have reviewed Rainey's criminal history and determined that he has been convicted of at least the following felony offenses:

     a.  Fleeing to Elude LEO with Lights and Sirens, in the Sixth Circuit, in and for Pinellas County, Florida (2017); and

     b.  Grand Theft Motor Vehicle, in the Sixth Circuit, in and for Pinellas County, Florida (2016).

21.     Certified copies of these convictions show that the defendant was personally present, along with his counsel, and granted the opportunity to be heard when adjudicated guilty of and sentenced for these felony offenses. His fingerprints also appear on the judgments next to law enforcement officers' sworn statements that the fingerprints were made on the day of sentencing in open court.

6

## CONCLUSION

22.    Based upon the foregoing, I submit that there is probable cause to believe that Rayquan L. Rainey committed the offense of being a felon in possession of a firearm and/or ammunition, in violation of 18 U.S.C. § 922(g).

This completes my affidavit.

_____
Jason Wetherington
Special Agent, ATF

Subscribed and sworn before me
in Tampa, Florida this ___3___ day of January 2020.

_____
THOMAS G. WILSON
United States Magistrate Judge

7