# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

## CLERK'S MINUTES

| | | | |
|---|---|---|---|
| **CASE NO.:** 8:20-cr-137-T-02TGW | | **DATE:** December 11, 2020 | |
| **HONORABLE WILLIAM F. JUNG** | | | |
| | | **GOVERNMENT COUNSEL** Natalie Hirt Adams, AUSA | |
| **UNITED STATES OF AMERICA** **v.** **RAYQUAN RAINEY** | | Nicole Valdes Hardin, AFPD | |
| **COURT REPORTER:** Tracey Aurelio | | **DEPUTY CLERK:** | Shameeka Olden |
| **TIME:** 1:35 PM – 2:08 PM **TOTAL:** 34 minutes | | **COURTROOM:** | Zoom video conference |
| | | **PROBATION:** | Jessica Racaza |

**PROCEEDINGS:**     CRIMINAL MINUTES – SENTENCING REFORM ACT MINUTES

Defendant sworn and consented to proceeding via Zoom video conference.

Tiffany Rainey, Defendant's mother, addressed the Court.

Defendant is adjudged guilty on Count One of the Indictment.

Statements made by Counsel.

Imprisonment:  **TWENTY-ONE (21) MONTHS.**

Supervised Release: **THREE (3) YEARS.**

The Court makes the following recommendations to the Bureau of Prisons:
1. Confinement at FCI Coleman; and
2. Classes to obtain his General Educational Degree (GED)

Fine: **$360.00 ($10/month)**

Special Assessment: **$100.00 to be paid immediately.**

Special conditions of supervised release:

1.     Defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment

Services. During and upon the completion of this program, Defendant is directed to submit to random drug testing.

2.      Defendant shall submit to a search of his person, residence, place of business, any storage units under his control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

3.      Defendant shall obtain his General Educational Degree (GED).

4.      Defendant must perform **48 HOURS** of community service (USSG § 5D1.3(e)(3)). This special condition will be canceled if Defendant gets his GED.

5.      Defendant must maintain and hold a full-time, verifiable, taxable job (USSG § 5D1.3(c)).

6.      Defendant shall have a curfew of 11:00 p.m to 7:00 a.m. during the first 12 months of Supervised Release (USSG § 5D1.3(e)(5)). This may be verified through electronic monitoring.

7.      Defendant shall not go near or inside the building located at 4300 6th Street South, St. Petersburg, Florida. This includes the parking lot.

Defendant must refrain from any unlawful use of controlled substance. Defendant must submit to one drug test within 15 days of placement on supervision and at least two periodic drug tests thereafter as directed by the probation officer. Defendant must submit to random drug testing not to exceed 104 tests per year.

Defendant is to cooperate in the collection of DNA as instructed by the Probation Officer.

Defendant is remanded to the custody of the U.S. Marshal.

Defendant advised of right to appeal and to counsel on appeal.

Forfeiture ordered by the Court. Forfeiture order entered on October 13, 2020, is made a part of the Judgment.

## GUIDELINE RANGE DETERMINED BY THE COURT AT SENTENCING

| | |
|---|---|
| Total Offense Level | 12 |
| Criminal History Category: | IV |
| Imprisonment Range | 21-27 months |
| Supervised Release Range | 1-3 years |
| Restitution: | N/A |
| Fine Range | $5,500.00 - $55,000.00 |
| Special Assessment | $100.00 |

Adjustments/changes to the PSR: As stated on the record in open court.